[No. B185902. Second Dist., Div. Four. June 1, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
EMMANUEL ROMERO, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION[*]]**

---

[*]Pursuant to California Rules of Court, rules 97(b) and 976.1, this opinion is certified for publication with the exception of parts I and II of the discussion.

COUNSEL

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Victoria B. Wilson and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**EPSTEIN, P. J.**—Emmanuel Romero was convicted of murder and attempted murder as the driver in a drive-by shooting. He contends the judgment must be reversed because of instructional errors and insufficiency of the evidence to support the criminal street gang allegation imposed pursuant to Penal Code section 186.22, subdivision (b)(1).[1] In the published portion of this opinion, we hold that the specific intent element of section 186.22, subdivision (b)(1), requiring a showing of "specific intent to promote, further, or assist in any criminal conduct by gang members," does not require intent to further criminal conduct beyond the charged crime. In the unpublished portion of our opinion, we address the instructional errors raised by appellant and find no error. We affirm the judgment.

### FACTUAL AND PROCEDURAL SUMMARY

On the evening of October 11, 2004, appellant picked up his friends Mario Moreno and Edgar Navarro[2] in a stolen car. Appellant and Moreno are members of the criminal street gang, Florencia 13. As he entered the car, Moreno said, "Let's go do this," and showed appellant the large rifle he was carrying. Appellant believed Moreno meant that they should go shoot somebody. Appellant then drove the men to a liquor store and stopped the car. The store was located in territory controlled by the 89 East Coast Crips, a rival gang. Robert Tyrone King and Darrell Dennard were standing outside the store, talking and drinking beer. Moreno aimed the rifle out of the car window and fired three rounds, hitting King and Dennard in the back. Dennard died from his injuries, but King survived. Both victims were African-American. Neither was a known gang member.

Appellant and Moreno were charged with murder and attempted murder. Firearm use and gang enhancements also were alleged. Moreno was tried

---

[1] All statutory references are to the Penal Code.
[2] Navarro was killed three weeks after the shootings.

separately. A jury convicted appellant of first degree murder and attempted murder, and found the allegations to be true. He was sentenced to 25 years to life for murder plus 25 years to life for the firearm enhancement, and 15 years to life for attempted murder plus 25 years to life for the firearm enhancement. The trial court stayed the gang allegations on each count.

A timely notice of appeal followed.

## DISCUSSION

### I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III

Appellant argues the record is insufficient to support the jury's finding that the shootings were committed "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." (§ 186.22, subd. (b)(1).) He also challenges the firearm enhancements which are dependent on the gang finding pursuant to section 12022.53, subdivision (e)(1)(A). Without evidence that the victims were gang members or that anyone involved wore gang colors or used gang slogans, appellant argues the gang expert's testimony about gang culture and rivalries was not sufficient to create an inference the shootings were gang related.

In reviewing a challenge to the sufficiency of evidence, "the reviewing court must consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment. The test is whether substantial evidence supports the decision, not whether the evidence proves guilt beyond a reasonable doubt." (*People v. Mincey* (1992) 2 Cal.4th 408, 432 [6 Cal.Rptr.2d 822, 827 P.2d 388], fn. omitted.) We consider whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Gamez* (1991) 235 Cal.App.3d 957, 977 [286 Cal.Rptr. 894], disapproved on another point in *People v. Gardeley* (1996) 14 Cal.4th 605, 624, fn. 10 [59 Cal.Rptr.2d 356, 927 P.2d 713].) To prove a gang allegation, an expert witness may testify about criminal street gangs. (*People v. Gardeley, supra,* at pp. 616–618.)

Here, the gang allegation is supported by substantial evidence. Appellant does not dispute that he is a member of Florencia 13, a Latino criminal street

*See footnote, *ante*, page 15.

gang. The prosecution expert, Officer Stevens, testified that Moreno also was an active member of Florencia 13. He stated that Florencia 13 and the 89 East Coast Crips, an African-American gang, were rival gangs which had been engaged in a violent war for the past three years. He explained that any Florencia 13 gang member would know that the liquor store where the shooting occurred, only 2.4 miles away from Florencia 13 territory, was situated in territory controlled by the 89 East Coast Crips.

Officer Stevens opined that the shootings were committed to benefit the gang because "there is absolutely no reason for anybody from Florence to be anywhere near that liquor store. It's a known 89 East Coast hangout. It's also a hangout for 18th Street, which [are] also bitter rivals with Florencia. Again, there would be no reason for Florencia to go to that liquor [store] unless they knew they were expecting trouble or looking for trouble." The officer explained that whether or not the victims were gang members, a shooting of any African-American men would elevate the status of the shooters and their entire gang. Further, appellant admitted that the Latino men in his neighborhood were having problems with the African-American men. We conclude that ample evidence supports the jury's finding that the shooting was committed "for the benefit of, at the direction of, or in association with any criminal street gang." (§ 186.22, subd. (b)(1).)

In the alternative, appellant argues that even if the crimes were committed to benefit the gang, he lacked the requisite "specific intent to promote, further, or assist in any criminal conduct by gang members." (§ 186.22, subd. (b)(1).) Relying on the majority opinion in *Garcia v. Carey* (9th Cir. 2005) 395 F.3d 1099, appellant asserts that the statute requires a showing of intent to promote the gang's criminal activity beyond the charged crime. In *Garcia,* the Ninth Circuit found insufficient evidence of specific intent to promote, further, or assist in *other* criminal conduct by the defendant's gang. We disagree with *Garcia*'s interpretation of the California statute, and decline to follow it. (See *People v. Burnett* (2003) 110 Cal.App.4th 868, 882 [2 Cal.Rptr.3d 120] [federal authority is not binding in matters involving state law]; see also *Oxborrow v. Eikenberry* (9th Cir. 1989) 877 F.2d 1395, 1399 [state court interpretation of state statute binding on federal court unless interpretation is a subterfuge or untenable].) By its plain language, the statute requires a showing of specific intent to promote, further, or assist in *"any* criminal conduct by gang members," rather than *other* criminal conduct. (§ 186.22, subd. (b)(1), italics added.)

In *People v. Morales* (2003) 112 Cal.App.4th 1176, 1198 [5 Cal.Rptr.3d 615], the defendant and two fellow gang members committed a robbery. On appeal, defendant argued that he lacked the requisite specific intent for the gang finding, because the evidence showed only that the three men belonged

to the same gang. The court rejected his claim, concluding that there was sufficient evidence that defendant intended to commit the robbery in association with other gang members and that it was therefore "fairly inferable that he intended to assist criminal conduct by his fellow gang members." (*People v. Morales, supra,* at p. 1198.)

 Thus, the specific intent element is satisfied if appellant had the specific intent to "promote, further, or assist" Moreno in the shootings of Dennard and King. There was ample evidence that appellant intended to commit a crime, that he intended to help Moreno commit a crime, and that he knew Moreno was a member of his gang. This evidence creates a reasonable inference that appellant possessed the specific intent to further Moreno's criminal conduct. Because we find sufficient evidence to uphold the gang enhancement, we also uphold the dependent firearm enhancement.

## DISPOSITION

The judgment is affirmed.

Willhite, J., and Hastings, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied September 20, 2006, S144621.

---

*Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.