WILKEN, District Judge,
dissenting:
The California gang enhancement applies when an individual commits a felony “for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members.” Cal. Penal Code § 186.22(b)(1). Notably, the first prong of the statute requires that the crime be committed in association with a “criminal street gang” while the second requires that the defendant act with the intent to further conduct by “gang members.”
The fact that a defendant committed a crime with gang members does not satisfy the first prong. Indeed, the California Supreme Court has noted that the California State Legislature included the first prong to make “clear that a criminal offense is subject to increased punishment under the [gang enhancement] only if the crime is gang related.” People v. Albillar, 51 Cal.4th 47, 60, 119 Cal.Rptr.3d 415, 244 P.3d 1062 (2010) (internal quotation marks omitted). “Not every crime committed by gang members is related to a gang” and “it is conceivable that several gang members could commit a crime together, yet be on a frolic and detour unrelated to the gang.” Id. at 62, 119 Cal.Rptr.3d 415, 244 P.3d 1062 (internal citations omitted).
While, in some cases, California courts have inferred that a crime was committed “in association with” a criminal street gang when the defendant knowingly committed the crime with a “fellow gang member,” those cases all involved members of the same gang acting together and many involved crimes against rival gang members. *521 See, e.g., id. at 61, 119 Cal.Rptr.3d 415, 244 P.3d 1062; People v. Leon, 161 Cal.App.4th 149, 163, 73 Cal.Rptr.3d 786 (2008); People v. Romero, 140 Cal.App.4th 15, 43 Cal.Rptr.3d 862 (2006). This case is different. There was no clear evidence that any of the men accompanying Johnson were members of the Riverside Skinheads (RSSH), the gang to which Johnson belonged. Moreover, there was no evidence that the victim of the crime was a member of a rival gang. That Johnson committed a crime with members of a different gang, against a non-gang member, raises no inference that the crime was gang-related.
An expert witness the defense could have engaged would have testified that members of the Riverside Skinheads and MD13, the gang affiliated with the Mexican Mafia to which Johnson’s co-perpetrators belonged, might have socialized with each other because they wére childhood friends, but that members of one of the gangs would never commit a crime in association with or for the benefit of the other gang.
Further, the prosecution made numerous erroneous statements of law with respect to the “in association with” requirement in its closing arguments, suggesting that the state need only prove that Johnson committed the crime in association with gang members instead of in association with a criminal street gang. Defense counsel failed to explain the difference in her closing argument. The majority appears to' repeat the prosecutor’s mistake when it states that the value of any expert testimony on behalf of the defense “is undermined by the simple fact that Johnson did commit a crime with MD13 members despite his own gang affiliation.”
Even if the prosecution proved that Johnson committed the robbery in association with a gang, it had to prove that the gang at issue met the statutory requirements. The California Supreme Court has held that the gang enhancement requires that
the “criminal street gang” the prosecution proves to exist be the same gang that the defendant sought to benefit (or which directed or associated with the defendant in connection with the crime.) This “sameness” requirement means that the prosecution must show that the group the defendant acted to benefit [and] the group that committed the predicate offenses ... is one and the same.
People v. Prunty, 62 Cal.4th 59, 80-81, 192 Cal.Rptr.3d 309, 355 P.3d 480 (2015). Here, the predicate acts were committed by MDK and Johnson was a member of the Riverside Skinheads acting with members of MD13. Accordingly, for Johnson’s offense to qualify for the gang enhancement, the prosecution was required to prove “some associational or organizational connection” uniting MDK and MD13. Id. at 72,192 Cal.Rptr.3d 309, 355 P.3d 480.
The majority assumes that “direct lineage” between MDK and MD13 is enough to satisfy Prunty’s sameness requirement. But the prosecution is required to present evidence that they have an “ongoing relationship — the kind of relationship that amounts to being part of the same group.” Id. at 83, 192 Cal.Rptr.3d 309, 355 P.3d 480. Such an ongoing relationship would be impossible if, as a defense expert would have testified unequivocally, MDK had ceased to exist as early as 2000, three years before the robbery. Contrary to the majority’s view, this basic fact was not provided by the prosecution’s expert. Nonetheless, his testimony that MDK did exist at the time of the crime was weak. When asked, the expert said only that MDK “still exists because the MD13 came from MDK and RSSH came from MDK.” If the state’s ease is weak there is a great *522 er likelihood that the result of the trial would have been different.
The other evidence of MDK’s continuing existence that the majority points out was also weak. The robbery victim testified that at some point during the approximately four and a half hours that Johnson and the other men were in his apartment, one or more of the men “made reference to MDK.” This is not evidence that MDK still existed. Nor is an undated letter signed by one of the perpetrators with “MDK” after his name.
It was crucial for effective counsel to oppose the gang enhancement because its application had extreme consequences for Johnson’s sentence. It increased the maximum sentence from a nine-year determinate sentence to a fifteen-year to life indeterminate sentence, which in turn was doubled to a thirty-year to life sentence because the robbery was Johnson’s second “strike.” Johnson’s total sentence was forty-three years to life.
It would not have been inconsistent for the defense to argue both that Johnson was factually innocent of the robbery and that the robbery was not committed in association with a street gang, especially not with his former gang MDK, which no longer.existed. Johnson did not argue that he was not present at the time of the robbery, but rather that he went to the victim’s apartment with his friends to “party.” An argument that the gang enhancement should not apply would similarly be based on an argument that Johnson was “partying” with his friends, not intending to commit a crime in association with a criminal street gang.
I would hold that it was both deficient and prejudicial for counsel to fail to engage a gang expert familiar with gangs in Riverside and to fail to argue that the crime was not committed in association with any criminal street gang, particularly one that no longer existed. Any finding to the contrary would be an objectively unreasonable application of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, I would reverse the district court’s denial of the § 2254 petition and remand with instructions to grant the writ unless the state retries the gang enhancement issue or re-sentences without the enhancement.