Filed 7/1/25  P. v. Romero CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EMMANUEL ROMERO,<br><br>    Defendant and Appellant. | B336111<br><br>(Los Angeles County<br>Super. Ct. No. TA076708) |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

**INTRODUCTION**

Appellant Emmanuel Romero was convicted of murder and attempted murder in 2005. In 2023, he filed a petition seeking resentencing under Penal Code section 1172.6.[1] The trial court denied Romero's petition at the prima facie stage, finding that he was ineligible for relief as a matter of law. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.  Conviction and direct appeal**

In 2005, following a jury trial, Romero was convicted of first degree murder (§ 187, subd. (a), count 1) and premeditated attempted murder (§§ 187, subd. (a), 664, count 2) in connection with a drive-by shooting. For both counts, the jury found true that a principal discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)), and that Romero committed the crimes for the benefit of a criminal street gang (§ 186.22 subd. (b)(1)(A)). The trial court sentenced Romero to a term of 50 years to life on count 1, plus a consecutive term of 40 years to life on count 2; additional sentences on the gang enhancements were stayed.

In his direct appeal, Romero challenged some of the jury instructions regarding malice given at his trial. (See *People v. Romero* (2006) 140 Cal.App.4th 15 (*Romero*).[2]) This court

---

[1]     All undesignated section references are to the Penal Code.

[2]     *Romero* was certified for partial publication. The portion of the opinion addressing Romero's contentions about the jury instructions are in the unpublished portion of the decision, and therefore are cited here without a specific page number. We note that "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under section [1172.6]." (*People v. Lewis* (2021) 11 Cal.5th 952, 972.) In doing so, however, a

2

rejected his challenge, stating that for count 1, the "jury received the drive-by murder instruction (CALJIC No. 8.25.1): 'The essential elements of drive-by murder are: [¶] 1. The defendant committed the crime of murder; [¶] 2. The defendant perpetrated the murder by means of discharging a firearm from a motor vehicle intentionally at another person outside the vehicle, *and* [¶] *3. The defendant specifically intended to kill a human being.*' (Italics added.)" (*Ibid.*) The jury was also instructed on express and implied malice (CALJIC No. 8.11). (*Ibid.*) The opinion stated, "Because the trial court instructed on implied malice, the jury theoretically could have found the killing to be first degree murder based on implied malice. This would have been error. But the jury's guilty verdict establishes that it accepted the drive-by theory, which, under the instructions, required a specific intent to kill. . . . A finding of first degree murder requires express malice. The instructions provided that section 189 requires a specific intent to kill, which is the equivalent of express malice." (*Ibid.*) The court stated again that "the jury explicitly accepted the drive-by theory," and, "The jury's verdict of first degree drive-by murder indicates that it necessarily found that appellant intended to commit the shootings . . . ." (*Ibid.*)

In addition, this court rejected Romero's argument that his jury should have been instructed on the natural and probable consequences doctrine, stating that the People "assumed the greater burden of proving that appellant, as an accomplice, shared the specific intent of the direct perpetrator. (*People v. McCoy* (2001) 25 Cal.4th 1111, 1117-1118 [(*McCoy*)].)" (*Romero, supra.*)

---

court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Ibid.*)

## B.     Petition for resentencing

In February 2023, Romero filed a petition for writ of habeas corpus, which included an argument that he was entitled to resentencing under section 1172.6.[3]  The court appointed counsel. The People opposed the petition on the grounds that Romero's jury was not instructed on felony murder, natural and probable consequences, or any other theory of murder that imputed malice to Romero.  The People attached this court's opinion from the previous appeal, as well as the jury instructions and verdict forms from Romero's trial.

At the hearing, the trial court noted that the instructions for first degree drive-by murder "requires the jury to find that the defendant, Mr. Romero, and I quote, specifically intended to kill a human being, end of quote."  The People agreed, and additionally stated that based on the aiding and abetting jury instructions, "even if the petitioner was not the actual shooter, he still had to share the intent to kill of the perpetrator in order to be found guilty of the offense."  The court also noted, referencing CALJIC No. 3.01, that there were no crimes other than murder discussed in the jury instructions.  Romero's counsel argued that Romero had met his prima facie burden.

The trial court denied the petition.  The court stated, "I do not see conflicting jury instructions . . . . And [based] on the jury

---

[3]     The record indicates that Romero also filed a petition for resentencing under former section 1170.95; the trial court denied the petition in January 2019.  Former section 1170.95 was enacted as part of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437). Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.)

4

instructions given . . . , it is very clear that the prosecution proceeded under only one theory, and that is Mr. Romero aided in the crime of first-degree murder, specifically the theory of the drive-by murder." Thus, the court concluded that the theory at trial did not require any malice to be imputed to Romero, and therefore Romero was not eligible for resentencing under section 1172.6. Romero timely appealed.

## DISCUSSION

On appeal, Romero acknowledges that he "cannot seek relief under section 1172.6 for the attempted murder conviction." Regarding the murder conviction, however, he argues that the jury instructions given at his trial "did not require [the] jury to find that [Romero] personally harbored malice in order to find him guilty of murder." He asserts that CALJIC No. 3.01 refers to aiding and abetting "the commission . . . of a crime" and "the unlawful purpose of the perpetrator", but because this instruction does not specify "murder," the jury could "use its imagination for the crime [Romero] aided and abetted, but still find him guilty of first degree murder." He also asserts that his jury instructions included a definition for implied malice, which "is a theory of second degree murder" and "permitted [Romero's] jury to find him guilty of first degree murder based on implied malice."

We are not persuaded. First, his argument is barred by law of the case. When a reviewing court, in deciding the appeal, states a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal. (*People v. Henderson* (2025) 110 Cal.App.5th 828; *People v. Murtishaw* (2011) 51 Cal.4th 574, 589.) Romero's direct appeal explicitly considered and rejected

5

the argument that Romero's murder conviction could have been based on a finding of implied malice. In addition, the court held that the jury instructions and verdict demonstrated a finding that "appellant, as an accomplice, shared the specific intent of the direct perpetrator." (*Romero, supra.*) Romero may not now argue the opposite. (See, e.g., *People v. Medrano* (2024) 98 Cal.App.5th 1254, 1264 [law of the case doctrine applies to legal issues in a section 1172.6 context].)

Second, the record of conviction demonstrates that Romero is ineligible for relief under section 1172.6 as a matter of law. Section 1172.6 applies to a "person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).) To obtain relief, a petitioner must show, in part, that the "petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (a)(3).)

Romero has not made this showing. His jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory of murder that allowed the jury to impute malice to Romero. "A petitioner is ineligible for section 1172.6 relief as a matter of law if . . . jurors were not instructed on any theory of liability affected by Senate Bill 1437's changes to sections 188 and 189." (*People v. Allen* (2023) 97 Cal.App.5th 389, 395.)

Romero nevertheless argues that the jury instructions allowed him to be convicted of murder without a finding of malice. He imagines a scenario in which the jury found that he intended to aid and abet some other, unspecified crime, and

6

relied on aiding and abetting instruction CALJIC No. 3.01 to convict him of murder. However, this would have been an invalid conviction at the time it was rendered in 2005. Following the 2001 Supreme Court decision in *McCoy, supra,* 25 Cal.4th 1111—which was cited in the opinion in Romero's direct appeal—"it was unmistakable that a direct aider and abettor's 'mental state is her own; she is liable for her mens rea, not the other person's.'" (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 935, quoting *McCoy, supra*, 25 Cal.4th at p. 1118; see also *People v. Lopez* (2024) 99 Cal.App.5th 1242, 1248 ["Senate Bill 1437 had no impact on accomplice liability for murder under direct aiding and abetting principles. [Citation.] An accomplice who directly aids and abets the perpetrator in committing murder is liable for murder under the new law just as he or she was liable under the old law."].)

Thus "the instructional errors [Romero] asserts have nothing to do with [the] 2019 legislative changes [relevant to section 1172.6]. What he is really arguing is that the instructions 'may have misled the jury as to what was then required to convict [him].'" (*People v. Berry-Vierwinden, supra*, 97 Cal.App.5th at p. 935.) This is not a valid basis for section 1172.6 resentencing. (See, e.g., *People v. Burns* (2023) 95 Cal.App.5th 862, 865 (*Burns*) ["Section 1172.6 does not create a right to a second appeal" to address alleged trial errors].)

This case is unlike *People v. Langi* (2022) 73 Cal.App.5th 972, and *People v. Maldonado* (2023) 87 Cal.App.5th 1257, which Romero cites. In those cases the defendants' trials and direct appeals "took place before there was any suggestion in the case law that there was a problem with the applicable jury instructions." (*Burns, supra,* 95 Cal.App.5th at p. 868 fn. 7.)

7

Moreover, several published cases have held that the analyses of *Langi* and *Maldonado* have limited applicability in a section 1172.6 context because neither opinion "considered the effect of the language in subdivision (a)(3) of section 1172.6 requiring that defendants show they can no longer be convicted 'because of' the recent legislative changes." (*Ibid.*, see also *People v. Flores* (2023) 96 Cal.App.5th 1164, 1174; *Berry-Vierwinden, supra,* 97 Cal.App.5th at p. 934.[4])  We agree with this analysis.

Romero therefore has not demonstrated that he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)  The petition for resentencing was correctly denied.

---

[4]     These cases are directly relevant to Romero's argument, yet Romero's appointed counsel did not cite them in his opening brief. We remind counsel of the duty of candor to this court to disclose relevant legal authority, even if it is adverse to a client's position. (Rules Prof. Conduct, rule 3.3(a)(2).)

## DISPOSITION

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


ZUKIN, P. J.


GARCIA UHRIG, J.*

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.