[No. C050155. Third Dist. Aug. 31, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH HILL, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Charles A. French and Brook Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**NICHOLSON, J.**—Defendant made a criminal threat for the benefit of a criminal street gang. Sentenced to prison, he appeals, contending (1) we should apply a Ninth Circuit Court of Appeals decision requiring, for a gang enhancement, that the crime be committed with the intent to enable or further *other* criminal conduct by the gang and therefore find there was insufficient evidence to support the gang enhancement here, and (2) the trial court erred in calculating his presentence custody credits. We decline to adopt the Ninth Circuit's reasoning because it conflicts with the plain language of the gang enhancement statute. We agree, however, that the trial court improperly calculated presentence custody credits and therefore modify the judgment.

## FACTS

On an evening in November 2004, the vehicle that defendant was driving scraped against Alesia Monroe's vehicle. Defendant had lost his vision in one eye and may have misjudged the distance. He was trying to maneuver around her as she was stopped in the middle of the street. They exited their vehicles and had words. Monroe told defendant to look where he was going, and defendant, saying something about Nogales Gangster Crips, told her she had "disrespected" him.

Defendant left, but later returned with his girlfriend, Letisha Adams. Monroe, by this time, was sitting in the passenger seat of a friend's pickup truck. Defendant and Adams accused Monroe of "disrespecting" defendant and threatened her. They tried to open the door to the pickup, which Monroe had locked, and demanded that Monroe fight Adams.

Defendant screamed: "[Y]eah, bitch; yeah, bitch. I'm gonna' get you now. Yeah, bitch. I went and got somebody for you." He accused Monroe of saying he was blind. Monroe tried to apologize.

Defendant had a gun in his waistband. He put his hand on the handle and his finger on the trigger. He threatened to use the gun to "bop" her, which Monroe took to mean he was going to shoot her.

The driver of the pickup was able to drive away from the situation.

Detective Adlert Robinson of the Sacramento City Police Department identified the Nogales Gangster Crips as a criminal street gang and defendant as a validated member of the gang. He testified that taking action when one

feels "disrespected" is important to a gang member. In his opinion, defendant's criminal threat against Monroe benefited the gang because it showed that the gang could not be "disrespected" without consequences.

## PROCEDURE

The district attorney filed an information charging defendant with making a criminal threat and being a felon in possession of a firearm. The information alleged defendant was armed with a firearm and personally used the firearm when making the criminal threat. It also alleged defendant committed the offenses for the benefit of a criminal street gang. Finally, the district attorney included a prior strike allegation, based on a prior conviction for mayhem. A jury found defendant guilty of making a criminal threat and found true the gang allegation. The jury was unable to reach a verdict concerning the felon-in-possession count and the firearm allegations, all of which were later dismissed. After defendant admitted he suffered a prior conviction for mayhem, the trial court sentenced defendant to 16 years in state prison under the "Three Strikes" law.[1]

## DISCUSSION

### I

### *Gang Enhancement*

Basing his argument on a Ninth Circuit Court of Appeals decision, defendant asserts the evidence was insufficient to support the gang enhancement. The assertion is without merit.

▮ Penal Code section 186.22, subdivision (b) provides for an enhancement when a person "is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ."[2] In *Garcia v. Carey* (9th Cir. 2005) 395 F.3d 1099, the Ninth Circuit concluded that the last part of the statute just quoted requires that the crime be committed to enable or further *other* criminal activity by the gang.

---

[1] At the same sentencing hearing, the court sentenced defendant on another case not relevant here.

[2] Further statutory references, though unspecified, are to the Penal Code.

■ *Garcia*, however, misinterprets California law. "In *Garcia*, the Ninth Circuit found insufficient evidence of specific intent to promote, further, or assist in *other* criminal conduct by the defendant's gang. We disagree with *Garcia*'s interpretation of the California statute, and decline to follow it. (See *People v. Burnett* (2003) 110 Cal.App.4th 868, 882 [2 Cal.Rptr.3d 120] [federal authority is not binding in matters involving state law]; see also *Oxborrow v. Eikenberry* (9th Cir. 1989) 877 F.2d 1395, 1399 [state court interpretation of state statute binding on federal court unless interpretation is a subterfuge or untenable].) ■ By its plain language, the statute requires a showing of specific intent to promote, further, or assist in '*any* criminal conduct by gang members,' rather than *other* criminal conduct. (§ 186.22, subd. (b)(1), italics added.)" (*People v. Romero* (2006) 140 Cal.App.4th 15, 19 [43 Cal.Rptr.3d 862], italics in original.) We agree with *Romero*.

■ There is no requirement in section 186.22, subdivision (b), that the defendant's intent to enable or promote criminal endeavors by gang members must relate to criminal activity apart from the offense the defendant commits. To the contrary, the specific intent required by the statute is "to promote, further, or assist in *any* criminal conduct by gang members." (Pen. Code, § 186.22, subd. (b), italics added.) Therefore, defendant's own criminal threat qualified as the gang-related criminal activity. No further evidence on this element was necessary.

Defendant concedes the evidence was sufficient that he committed the crime for the benefit of the street gang; he asserts that there was insufficient evidence that he intended to enable or further any other gang crime. Since there is no requirement in section 186.22 that the crime be committed with the intent to enable or further any other crime, defendant's contention fails in its premise.

II*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

*See footnote, *ante*, page 770.

## DISPOSITION

The judgment is modified with respect to the award of custody credits to give defendant 193 days of actual time and an additional 96 days pursuant to section 4019, instead of 28 days, of conduct credit. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract reflecting the modification and forward a copy to the Department of Corrections and Rehabilitation.

Scotland, P. J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 29, 2006, S147034.