**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RUBEN ANTHONY EMERY,
        *Petitioner-Appellant,*

v.

KEN CLARK,
        *Respondent-Appellee.*

No. 08-55249

D.C. No.
CV-07-02237-
SJO(CT)

OPINION

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted
December 10, 2009—Pasadena, California

Filed May 27, 2011

Before: Diarmuid F. O'Scannlain* and Barry G. Silverman,
Circuit Judges, and Suzanne B. Conlon, District Judge.**

Per Curiam Opinion

---

*The Honorable Diarmuid F. O'Scannlain was drawn to replace the Honorable Cynthia H. Hall, who died on February 26, 2011.

**The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

## COUNSEL

Vivian A. Fu, San Francisco, California, argued the cause and filed the briefs for the petitioner-appellant.

James William Bilderback II, Office of the Attorney General, Los Angeles, California, argued the cause and filed the briefs on behalf of the respondent-appellee. With him on the briefs were Edmund G. Brown Jr., Attorney General of California, Pamela C. Hamanaka, Senior Assistant Attorney General, and Deborah J. Chuang, Deputy Attorney General.

## OPINION

PER CURIAM:

Ruben Anthony Emery appeals the district court's denial of his petition for a writ of habeas corpus. The facts of the underlying conviction and procedural history are set forth in detail in our previous order certifying questions of state law to the California Supreme Court. *See Emery v. Clark*, 604 F.3d 1102 (9th Cir. 2010). We repeat them here only as necessary.

## I

Emery was convicted after a state court jury trial of attempted second degree robbery and first degree murder of Long Beach shop owner Henry Chow, with the special circumstance that Emery was "an active participant in a criminal street gang," and "the murder was carried out to further the activities of the criminal street gang." Cal. Penal Code § 190.2(a)(22). The jury also found that a principal discharged a firearm, resulting in Chow's death. *Id.* § 12022.53(d), (e)(1). The jury imposed two gang enhancements pursuant to California Penal Code § 186.22(b)(1) because it found that Emery committed the robbery and used a firearm in the commission of the robbery "for the benefit of, at the direction of, or in association with [a] criminal street gang, with the specific intent to promote, further, or assist in . . . criminal conduct by gang members." *Id.* §§ 186.22(b)(1), 12022.53(e)(1)(A).

Emery claims that his due process rights were violated because there was insufficient evidence to support the special circumstance finding pursuant to section 190.2(a)(22) and the gang enhancements imposed pursuant to sections 186.22(b)(1) and 12022.53(d) and (e)(1). *See Jackson v. Virginia*, 443 U.S. 307, 319, 324 (1979).

On direct appeal, the California Court of Appeal considered and rejected Emery's argument regarding the sufficiency of the evidence to support the gang enhancements and special circumstance findings. *People v. Emery,* No. B180005, 2006 WL 1431193 (Cal. Ct. App. May 25, 2006). The California Supreme Court summarily denied Emery's petition for review on September 13, 2006, *see People v. Emery*, Cal. Sup. Ct. No. S144683, and denied his petition for a writ of habeas corpus on June 24, 2009, *see Emery (Ruben) on H.C.*, Cal. Sup. Ct. No. S172933.

Emery filed his federal habeas petition in April 2007, but the district court denied relief on June 21, 2007. After the district court denied a certificate of appealability ("COA"), this court granted a COA on July 29, 2008, as to Emery's claims regarding the sufficiency of the evidence to support the gang enhancements.[1]

## II

We review de novo a district court order denying a petition for writ of habeas corpus. *Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir. 2005). The district court's application of the law to the facts is also reviewed de novo. *Id.* (citing *Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004)).

---

[1]We subsequently expanded the scope of the COA to include Emery's claims of insufficiency of the evidence as to the "gang enhancement" embedded in the section 190.2(a)(22) special circumstance for a murder carried out by an active member of a criminal street gang to "further the activities of the criminal street gang." *See Emery v. Clark*, 604 F.3d at 1111 n.6.

A petitioner can obtain relief on federal habeas claims that have been "adjudicated on the merits in State court proceedings" only if the state court's adjudication resulted in a decision that (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Because Emery's federal claims were presented to the California Supreme Court, "it may be presumed that the state court adjudicated the claim[s] on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* at 784.

## III

A due process claim based on insufficiency of the evidence can only succeed when, viewing all the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 324. When we undertake collateral review of a state court decision rejecting a claim of insufficiency of the evidence pursuant to 28 U.S.C. § 2254(d)(1), however, our inquiry is even more limited; that is, we ask only whether the state court's decision was contrary to or reflected an unreasonable application of *Jackson* to the facts of a particular case. *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005).

**[1]** Insufficient evidence claims are reviewed by looking at the elements of the offense under state law. *Jackson*, 443 U.S. at 324 n.16; *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (in determining whether sufficient evidence supports a state law statutory enhancement, federal courts are bound by

"a state court's interpretation of state law"). Section 186.22(b)(1)'s gang enhancement may only be applied if the prosecution proves the following two elements beyond a reasonable doubt: (1) that Emery committed a felony "for the benefit of, at the direction of, or in association with any criminal street gang," and (2) that he did so "with the specific intent to promote, further, or assist in any criminal conduct by gang members."

## A

Although Emery does not explicitly challenge the sufficiency of the evidence as to the first prong of section 186.22's gang enhancement, he does argue that there was insufficient evidence to prove that his crimes were "gang-related." As the California Supreme Court recently made clear in *People v. Albillar*, 244 P.3d 1062 (Cal. 2010), however, this issue is properly construed as a challenge to the first prong of section 186.22(b)(1)—i.e., as a claim that there was insufficient evidence to prove that the crimes were committed "for the benefit of, at the direction of, or in association with a criminal street gang."

**[2]** It is true, as Emery points out, that even when two or more gang members commit a crime together, they may "be on a frolic and detour unrelated to the gang." *Albillar*, 244 P.3d at 1072 (citation omitted). Nevertheless, we are satisfied that there was ample evidence presented to the jury that Emery's crimes were committed in association with a street gang. As Abel Morales, the prosecution's gang expert, testified at trial, shooting Chow "for just a simple deal that had occurred with one of [his] friends . . . shows that he had to go and do something worse than just beating him, . . . because [Chow] disrespected . . . his gang by messing with one of his friends . . . ." According to Morales, it was important for Emery to retaliate against Chow to maintain the "respect" that was essential to Emery's identity as a "hard-core" gang member. As Morales explained, Emery's use of lethal force "over

a fight about peanuts," would raise his status within the Westside Longos ("WSL"), the Westside Stoners ("WSS"), and the Eastside Longos ("ESL"), and would inspire fear in the community.

[3] Although the defense argued that Emery killed Chow in an explosion of rage at Chow's mistreatment of Emery's accomplice's brother, and that this rage gave rise to a need to take "personal revenge," the jury apparently agreed with the prosecution that this explanation for Emery's actions was implausible. There was ample evidence supporting the jury's conclusion that Emery's use of extreme violence to avenge a minor slight against a casual acquaintance who was a member of an affiliated gang was "gang related." The California Supreme Court's denial of Emery's sufficiency of the evidence challenge as to the first prong of section 186.22 was not, therefore, an unreasonable application of federal law.

**B**

The more difficult issue presented in this appeal is whether the California Supreme Court reasonably applied federal law in concluding that the evidence presented at trial was sufficient to support the jury's finding that Emery committed the attempted robbery and murder of Henry Chow "with the specific intent to promote, further, or assist in any criminal conduct by gang members." Cal. Penal Code § 186.22(b)(1).

**1**

[4] The Ninth Circuit has twice stated that section 186.22's gang enhancement can only be applied when the defendant had the specific intent to facilitate gang members' criminal activities *other than* the charged crime. *See Briceno v. Scribner*, 555 F.3d 1069, 1078-83 (9th Cir. 2009); *Garcia v. Carey*, 395 F.3d 1099, 1102-03 (9th Cir. 2005). Emery contends that there is no evidence in the record suggesting that he murdered Chow to further any *other* criminal gang activity. The Ninth

Circuit's interpretation of section 186.22 is, however, at odds with several decisions of the California Courts of Appeal. According to the state courts, evidence that the defendant had the specific intent to help a gang member commit the charged crime is enough to justify application of the enhancement. *See People v. Hill*, 47 Cal. Rptr. 3d 875 (Cal. Ct. App. 2006); *People v. Romero*, 43 Cal. Rptr. 3d 862 (Cal. Ct. App. 2006).

To resolve this matter of interpretation, we certified the following question to the California Supreme Court:

> Does California's criminal street gang enhancement statute, in particular the element of "specific intent to promote, further, or assist in any criminal conduct by gang members" in California Penal Code section 186.22(b)(1), require proof that the defendant specifically intended to promote, further, or assist in *other* criminal gang activity, apart from the offense of conviction?[2]

*Emery*, 604 F.3d at 1103.

**[5]** The California Supreme Court initially granted our request. *See Emery v. Clark*, Cal. Sup. Ct. No. S182670 (June 23, 2010). Before it answered our question, however, it definitively interpreted § 186.22(b)(1) in *Albillar*. In *Albillar*, the Court expressly disapproved the Ninth Circuit's interpretation of section 186.22(b)(1). 244 P.3d at 1074-76. Specifically, *Albillar* held that " 'the specific intent to promote, further, or

---

[2]As noted *supra*, we expanded the COA in our certification order to include Emery's challenge to the special circumstance finding under California Penal Code § 190.2(a)(22). We have assumed that a failure of proof as to the "specific intent" element in the second prong of section 186.22(b)(1) would apply to the section 190.2(a)(22) special circumstance. As there is no separate authority interpreting the language "to further the activities of a criminal street gang," we intend our discussion of the sufficiency of the evidence as to specific intent under section 186.22(b)(1) to pertain to the section 190.2(a)(22) special circumstance as well.

assist in any criminal conduct by gang members'[ ] is unambiguous and applies to *any* criminal conduct, without a further requirement that the conduct be 'apart from' the criminal conduct underlying the offense of conviction sought to be enhanced."[3] *Id.* at 1075. Accordingly, we recognize that the California Supreme Court has overruled *Briceno* and *Garcia*'s interpretation of section 186.22(b)(1).

The California Supreme Court consequently vacated its grant of our request in light of *Albillar*. We now apply the California Supreme Court's authoritative interpretation of section 186.22 to Emery's due process claims.

## 2

**[6]** To sustain Emery's gang enhancements, there must have been evidence upon which a rational trier of fact could find that Emery acted with the "specific intent to promote, further, or assist in" *some* type of "criminal conduct by gang members," which may include the crimes of conviction. *Id.* In this case, there was conflicting testimony regarding whether Danny Alvarez, Emery's confederate in the murder and attempted robbery of Chow, was himself a gang member. Defense witness Antonio Gonzalez testified that he had known Alvarez since childhood and knew him to be a gang member, with the gang moniker "Fear" or "Matar." Alvarez denied that he was a gang member, claiming to be only a "tagger," but admitted that he hung out with gang members in his mother's house, where gang members frequently gathered to drink and do drugs, to commit "fraud," and to be initiated into the gangs, and that he was known as "Fear" because he "intimidated" and "frightened" people. Alvarez also testi-

---

[3]We note that the Court in *Albillar* also clarified that section 186.22(b)(1) does not require the "specific intent to promote, further, or assist a *gang-related* crime." 244 P.3d at 1075. The statute requires only "the specific intent to promote, further, or assist criminal conduct by *gang members*." *Id.* at 1075-76.

fied that he had spent time with Emery at his mother's house —a well-known hangout for members of the WSL, WSS, and ESL—on three or four occasions in the month before the murder and attempted robbery of Chow. Both Alvarez and his brother testified that they knew Emery was a member of the WSL gang. Furthermore, in pleading guilty to voluntary manslaughter for his involvement in Chow's murder, Alvarez admitted that his participation in the crimes was in furtherance of a street gang.[4]

[7] Morales testified that it was a fair inference from the circumstances of the shooting that Emery believed Chow needed to be "taught" that there were severe consequences for directly disrespecting a young gang member, Alvarez's brother, and indirectly disrespecting Alvarez, Emery, and the affiliated gangs. In these circumstances, it would not be unreasonable to conclude that a rational trier of fact could have found that when Emery and Alvarez acted together to commit the robbery and murder, Emery specifically intended to "assist in" criminal conduct (murder and robbery) by known gang members (himself and Alvarez) within the meaning of section 186.22(b)(1). *Id.* at 1076.

## IV

For all the foregoing reasons, the order denying Emery's petition for writ of habeas corpus is AFFIRMED.

---

[4]We are aware of no California or federal case that distinguishes between "promoting" and "furthering" criminal conduct by gang members, and the parties do not even attempt to parse the language of section 186.22(b)(1) in this regard. Thus, we consider Alvarez's admission that the murder of Chow was carried out to further gang activities relevant evidence that the crime was committed with specific intent to "promote" criminal conduct by gang members.