**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOE FIDEL FLORES,

                Petitioner-Appellant,

  v.

W.L. MONTGOMERY, Acting Warden,

                Respondent-Appellee.

No.   14-56977

D.C. No.
2:14-cv-02687-RGK-KK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 5, 2018
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and PRATT,** District
Judge.

     Petitioner Joe Fidel Flores ("Flores") appeals from the district court's denial

of his petition for a writ of habeas corpus under the Antiterrorism and Effective

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The Honorable Robert W. Pratt, United States District Judge for the
Southern District of Iowa, sitting by designation.

Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.[1]  We have jurisdiction under 28 U.S.C. § 2253.  Under AEDPA, Flores can obtain relief on claims that have been "adjudicated on the merits in State court proceedings" only if the state court's adjudication resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *see also Deck v. Jenkins*, 814 F.3d 954, 977 (9th Cir. 2014) (reviewing the decision of the California Court of Appeal as the last reasoned decision of the state court).  Reviewing Flores's claims de novo, *see Emery v. Clark*, 643 F.3d 1210, 1213 (9th Cir. 2011), we affirm.

1.  A jury convicted Flores, a known gang member, of first-degree murder and found both the gang-enhancement and special-circumstances allegations to be true.[2]  On direct appeal, the California Court of Appeal affirmed.  Flores now argues the state appellate court unreasonably applied the law clearly established in *Jackson v. Virginia*, 443 U.S. 307 (1979), and based its decision on an

---

[1] Flores asks us to take judicial notice of state court documents filed in a separate case that arose out of the same circumstances upon which Flores's own conviction is based.  The Warden does not oppose the motion.  We may properly take judicial notice of court filings and other matters of public record.  *See* Fed. R. Evid. 201(b)–(d).  Therefore, we grant Flores's motion to take judicial notice.

[2] Because the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

unreasonable determination of the facts when it held there was sufficient evidence to support the jury's gang-enhancement and special-circumstances findings.

The gang enhancement may be applied only if the prosecution proves the following two elements beyond a reasonable doubt: (1) Flores committed a felony "for the benefit of, at the direction of, or in association with any criminal street gang," and (2) he did so "with the specific intent to promote, further, or assist in any criminal conduct by gang members." Cal. Penal Code § 186.22(b)(1). In order to apply the special-circumstances allegation, the prosecution needed to prove Flores (1) "intentionally killed the victim while [he] was an active participant in a criminal street gang" and (2) did so "to further the activities of the criminal street gang."[3] *Id.* § 190.2(a)(22).

Based on the evidence in the record, Flores cannot overcome the double layer of deference we must give to the state appellate court's decision regarding the sufficiency of the evidence. *See Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) ("We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."). The gang expert testified Flores was a member of a gang that commanded respect from the community through fear, violence, and intimidation; an apparent affront

---

[3] Flores only challenges the second element of the section 190.2(a)(22) analysis.

3                                                                                          14-56977

could be seen as disrespectful and would not be tolerated by the gang, and a gang member could be expected to retaliate immediately with violence to regain respect. The expert further testified that a gang member intervening in a large fight between non-gang members would essentially be acting on behalf of his gang and putting his gang's reputation at risk. Additionally, the expert testified a gang member would not need to fear significant harm during a physical assault because he would know that his fellow gang members would come to his aid. Furthermore, the testimony of a former high-ranking member of Flores's gang corroborated that of the gang expert.

A reasonable jury could infer from the testimony of the gang expert and the corroborating testimony of the former gang member that Flores committed the murder for the benefit of, or in association with, his gang. *See People v. Albillar*, 244 P.3d 1062, 1073 (Cal. 2010) ("Expert opinion that particular criminal conduct benefited a gang by enhancing its reputation for viciousness can be sufficient to support raise the inference that the conduct was 'committed for the benefit of . . . a[] criminal street gang' within the meaning of section 186.22(b)(1).").

A jury could also find based on the same testimony that Flores committed the murder with the specific intent to aid in the criminal conduct of other gang members and intentionally killed the victim while an active gang member to further the criminal activities of his gang. *See Emery*, 643 F.3d at 1215 n.2 ("As

14-56977

there is no separate authority interpreting the language 'to further the activities of a criminal street gang,' we intend our discussion of the sufficiency of the evidence as to specific intent under section 186.22(b)(1) to pertain to the section 190.2(a)(22) special circumstance as well.").

On habeas review, we cannot hold unreasonable the California Court of Appeal's determination that there was sufficient evidence in the record for the jury to find the gang-enhancement and special-circumstances allegations true.

2. Flores also argues the state court of appeal unreasonably rejected his prosecutorial-misconduct claim. We treat Flores's briefing on the uncertified claim as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22-1(e). Because Flores has not made a "substantial showing of the denial of a constitutional right," the motion is denied. *See* 28 U.S.C. § 2253(c)(2); *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007).

**AFFIRMED.**

14-56977