NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM JOVIAN DAVIS, | No. 16-56662 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-08179-GW-LAL |
| v. | |
| CLARK E. DUCART, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted April 3, 2019**

Before: WALLACE, FARRIS, and TROTT, Circuit Judges.

California state prisoner William Jovian Davis appeals from the district

court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have

jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's denial

of Davis's petition, *see Emery v. Clark*, 643 F.3d 1210, 1213 (9th Cir. 2011), and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

we affirm.

Davis contends that the sentencing enhancement imposed under Cal. Penal Code § 186.22(b)(1) was not supported by sufficient evidence. On this record, the California Court of Appeal's determination that there was sufficient evidence to support all elements of the gang enhancement was neither contrary to nor an unreasonable application of clearly established federal law, nor based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Johnson v. Montgomery*, 899 F.3d 1052, 1056-60 (9th Cir. 2018); *see also Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) ("We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference.").

We construe Davis's additional argument concerning the denial of an evidentiary hearing as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**