## NOT FOR PUBLICATION

### UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERONIMO POLINA, | No.    18-56166 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-02133-WQH-RNB |
| v. | |
| W. L. MONTGOMERY, Acting Warden; XAVIER BECCERA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted October 6, 2020[**]
Pasadena, California

Before:  M. SMITH and LEE, Circuit Judges, and CARDONE,[***] District Judge.

Polina appeals a judgment of the district court denying his petition for a writ

of habeas corpus under 28 U.S.C. § 2254.  The district court granted Polina's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

request for a certificate of appealability on two issues. Because the parties are familiar with the facts of this case, we do not recite them here except as necessary to provide context. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

To obtain federal habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner must demonstrate that the state court decision denying his claims on the merits was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). We review de novo a district court's denial of habeas relief. *Murray v. Schirro*, 745 F.3d 984, 996 (9th Cir. 2014) (citing *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc)). To do so, we look to the last reasoned state court opinion, here the California Court of Appeal's unpublished decision affirming Polina's conviction. *See id.* (citing *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005)).

1.      Polina challenges the state trial court's jury instruction on the murder conspiracy count and claims that the prosecutor advanced an improper aiding and abetting theory of liability regarding that count. On habeas review, federal courts are bound by a state court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). This applies to challenges to the state court's jury instructions.

2

*Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991) (citing *Marshall v. Lonberger*, 459 U.S. 422, 438, n.6 (1983)) (holding that a challenge that a jury instruction "was allegedly incorrect under state law is not a basis for habeas relief"). As a result, we are bound by the state appellate court's determination that the conspiracy instructions as given by the trial court, including the modifications to the standard CALCRIM Nos. 415 and 563 instructions, correctly stated California law regarding the elements of conspiracy to commit murder. *See Bradshaw*, 546 U.S. at 76; *McGuire*, 502 U.S. at 71–72 (citing *Lonberger*, 459 U.S. at 438, n.6). Polina's claim fails.

Moreover, to prevail on an instructional error claim on habeas review, Polina must show "both that the instruction was ambiguous and that there was 'a reasonable likelihood' that the jury applied the instruction in a way that relieved the prosecution of its burden of proving every element of the crime beyond a reasonable doubt." *Waddington v. Sarausad*, 555 U.S. 179, 190–91 (2009) (quoting *McGuire*, 502 U.S. at 72). The relevant question "is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Id.* at 191 (quoting *McGuire*, 502 U.S. at 72). Thus, on habeas review, Polina must show there was a "reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution."

*Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (citations and internal quotation marks omitted).

A review of the trial and state appellate record shows that the state appellate court reasonably concluded that the trial court's instructions to the jury on the conspiracy count, using the standard California instructions with minor alterations, were not ambiguous. *See Waddington*, 555 U.S. at 191 (finding the state courts reasonably concluded a certain jury instruction was not ambiguous where it was "impossible to assign any meaning to th[e] instruction different from the meaning given to it by the [state] courts").

Relatedly, Polina challenges the impact of the aiding and abetting jury instruction on the conspiracy instruction as well as the prosecutor's legal theory of Polina's culpability for conspiracy. The state appellate court carefully considered this challenge on direct appeal and found no merit to the claim. Thus, we are bound by the state appellate court's determination that the aiding and abetting instructions, as given by the trial court, correctly stated California law. *See Bradshaw*, 546 U.S. at 76; *McGuire*, 502 U.S. at 71–72.

As with the conspiracy instruction, even if the aiding and abetting instructions to the jury were somehow ambiguous, Polina must still demonstrate a "reasonable likelihood" that the instructions altered the state's burden of proving every element of the crime beyond a reasonable doubt. *See Waddington*, 555 U.S.

at 190–91 (quoting *McGuire*, 502 U.S. at 72). Contrary to Polina's contention, the prosecutor repeatedly referred to conspiracy and aiding and abetting as alternative theories of criminal liability during closing argument, not as a combined theory. Thus, there is no basis to find that the instructions altered the state's burden in this case. *See id.* Because this challenge is unsupported by the record, Polina has not met the burden of showing that there was a "reasonable likelihood" that the jury applied the instructions in a way that altered the state's burden of proving every element of the crime beyond a reasonable doubt. *See id.* And as a result of that, he cannot show that the state appellate court's determination was contrary to established federal law. *See id*. at 191, 197.

Polina also makes a general sufficiency of the evidence challenge. Polina disagrees with the state appellate court's finding that circumstantial evidence supported his involvement in the conspiracy to murder Ortiz. Evidence is sufficient to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). Under *Jackson*, the question to ask about a jury's finding is whether it was "so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012) (per curiam). "[A] federal court may not

5

overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam) (citation and internal quotation marks omitted). This "double dose of deference . . . can rarely be surmounted." *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011).

Further, a state court's resolution of an insufficiency of the evidence claim is evaluated under 28 U.S.C. § 2254(d)(1), not § 2254(d)(2). *See Emery v. Clark*, 643 F.3d 1210, 1213–14 (9th Cir. 2011) (per curiam). Under § 2254(d)(1), the focus of an insufficiency claim is whether the state court's decision was contrary to or reflected an unreasonable application of *Jackson* to the facts of a particular case. *Id.* (citing *Juan H. v. Allen*, 408 F.3d 1262, 1274–75 (9th Cir. 2005)). A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. *Cavazos*, 565 U.S. at 2.

Here, the state appellate court's decision was not contrary to nor did it reflect an unreasonable application of *Jackson* to the facts of a particular case. *See Emery*, 643 F.3d at 1213–14. As explained by the state appellate court, the trial court set out the law of conspiracy under California law and explained that a conspiracy can be proven by circumstantial evidence. The state appellate court determined that, considering all of the evidence, including Ortiz's testimony that

6

Polina tried to cut his neck during the videotaped prison yard assault as well as Polina's name being "taken out of the hat," the jury could properly infer that Polina and his codefendants "tacitly came to a mutual understanding" to commit the crime of murdering Ortiz. This interpretation of the law "binds a federal court sitting in habeas corpus." *See Bradshaw*, 546 U.S. at 76. There was nothing unreasonable about the state appellate court's statement, nor was it an unreasonable application of *Jackson* to the facts of the case. *See Emery*, 643 F.3d at 1213–14.

2.      Polina next contends that the trial court judge erred when he refused to declare a mistrial after co-defendant Macias slashed his counsel across the face in front of the jury in a manner similar to the attack on Ortiz for which the three co-defendants, Polina, Macias, and Quintero, were standing trial. Polina argues that the jury's witnessing of such an event was inherently prejudicial.

A defendant in a criminal case has a Sixth Amendment right to an impartial jury, such that jurors consider only the evidence which is presented to them in open court. *Turner v. Louisiana*, 379 U.S. 466, 472–73 (1965); *Grotemeyer v. Hickman*, 393 F.3d 871, 876–77 (9th Cir. 2004) (citations omitted). However, "due process does not require a new trial every time a juror has been placed in a potentially compromising situation." *Smith v. Phillips*, 455 U.S. 209, 217 (1982). Rather, "[d]ue process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial

7

occurrences and to determine the effect of such occurrences when they happen."

*Id.*

Pursuant to clearly established Supreme Court precedent, "[a] court confronted with a colorable claim of juror bias must undertake an investigation of the relevant facts and circumstances." *Dyer v. Calderon*, 151 F.3d 970, 974 (9th Cir. 1998) (citing 28 U.S.C. § 2254(d)(3) (1994); *Remmer v. United States*, 350 U.S. 377, 379 (1956); *Remmer v. United States*, 347 U.S. 227, 230 (1954)). "An informal in camera hearing may be adequate for this purpose; due process requires only that all parties be represented, and that the investigation be reasonably calculated to resolve the doubts raised about the juror's impartiality." *Id.* at 974–75 (citing *Smith*, 455 U.S. at 217; *United States v. Boylan*, 898 F.2d 230, 258 (1st Cir. 1990)). "So long as the fact-finding process is objective and reasonably explores the issues presented, the state trial judge's findings based on that investigation are entitled to a presumption of correctness." *Id.* at 975 (citing *Tinsley v. Borg*, 895 F.2d 520, 526 (9th Cir. 1990)).

Here, the investigation and measures taken by the trial court and the review by the state appellate were not contrary to, nor an unreasonable application of *Remmer* and *Smith*. *See Hedlund v. Ryan*, 854 F.3d 557, 574 (9th Cir. 2017) (citing *Smith*, 455 U.S. at 215) (holding that where the trial judge conducts a hearing to explore the issue of juror bias and the defendant has the opportunity to

8

prove actual bias, "[t]his is the remedy prescribed by the Supreme Court"); *Dyer*, 151 F.3d at 974–75. Further, that co-defendant Quinteros was acquitted by the jury of the murder conspiracy count further substantiates the finding that the jury was able to set aside the courtroom attack in their deliberations.

Polina also contends that the courtroom attack was "inherently and substantially likely to have influenced a juror." He explains that even if the jurors stated to the trial court that they were unbiased by witnessing the attack, it was a mistake for the trial court to take them at their word under the circumstances.

In considering this issue of prejudice to the jurors inherent in what they may have witnessed, we have held that "implied (or presumptive) bias [] may exist in exceptional circumstances where, for example, a prospective juror has a relationship to the crime itself or to someone involved in a trial, or has repeatedly lied about a material fact to get on the jury." *Fields v. Brown*, 503 F.3d 755, 766 (9th Cir. 2007) (en banc). However, there is no clearly established Supreme Court law regarding the issue of implied bias. *See Hedlund*, 854 F.3d at 575 ("There is no clearly established law governing implied bias."); *Fields v. Woodford*, 309 F.3d 1095, 1104 (9th Cir. 2002) ("The Supreme Court has never explicitly adopted (or rejected) the doctrine of implied bias."). For this reason, Polina's implied bias claim fails. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)) ("Because our cases give no clear answer to the

9

question presented . . . 'it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law.'").

**AFFIRMED.**