NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK WAYNE GRAY, | No.   18-16604 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-00564-KJM-EFB |
| v. | |
| DEAN BORDERS, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted November 19, 2020[**]
San Francisco, California

Before: NGUYEN, HURWITZ, and BRESS, Circuit Judges.

Mark Wayne Gray was convicted in California state court of sexual penetration with a foreign object and received a five-year sentence enhancement for administering a controlled substance during the commission of that crime. *See* Cal. Penal Code §§ 289(d), 12022.75(b). Gray now seeks review of the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of his federal habeas petition. *See* 28 U.S.C. § 2254. We review de novo the denial of § 2254 relief. *Deck v. Jenkins*, 814 F.3d 954, 977 (9th Cir. 2016). We have jurisdiction under 28 U.S.C. § 2253 and affirm.

1.      To demonstrate a due process violation based on insufficient evidence, Gray must show that, "reviewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Garcia-Guizar*, 160 F.3d 511, 516 (9th Cir. 1998) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). When reviewing sufficiency of the evidence, we "undertake the inquiry with reference to the elements of the criminal offense as set forth by state law." *Juan H. v. Allen*, 408 F.3d 1262, 1275–76 (9th Cir. 2005) (citing *Jackson*, 443 U.S. at 324 n.16). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "we ask only whether the state court's decision was contrary to or reflected an unreasonable application of *Jackson* to the facts of a particular case." *Emery v. Clark*, 643 F.3d 1210, 1213–14 (9th Cir. 2011) (per curiam).

The California Supreme Court denied Gray's habeas petition without comment. Although the California Court of Appeal had previously addressed Gray's arguments in a reasoned direct appeal decision, the State has "rebut[ted] the presumption" that the California Supreme Court's denial of review encompassed the same reasoning as the California Court of Appeal. *Wilson v. Sellers*, 138 S. Ct. 1188,

1192 (2018). That is because the California Supreme Court had explicitly invited Gray to seek habeas relief based on "whether [he] is entitled to relief in light of *People v. Davis*, [303 P.3d 1179 (Cal. 2013)]." *Davis* had not been issued at the time of the Court of Appeal's decision. The California Supreme Court's denial of review is therefore the operative decision for AEDPA purposes, and Gray must show that "there was no reasonable basis for [that court] to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

It would have been reasonable for the California Supreme Court to reject Gray's challenge to the sufficiency of the evidence supporting his sentencing enhancement in light of *Davis*. *Davis* makes clear that "any substance *expressly listed* by any accepted name in sections 11054 through 11058 [of the California Health & Safety Code] is a controlled substance as a matter of law, and the jury need not make any further finding in that regard." 303 P.3d at 1184 n.5. The jury specifically found true that Gray administrated Ambien to his victim, and it is undisputed that Ambien is a brand name of zolpidem, which is expressly listed as a controlled substance. *Id.*; Cal. Health & Safety Code § 11057(d)(32).

2. Gray next argues that his constitutional rights were violated under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the jury did not find that Gray administered zolpidem. This argument fails for the same reason as Gray's challenge to the sufficiency of the evidence. The jury found that Gray administered Ambien,

and the California Supreme Court could have reasonably found the jury's finding sufficient. *Davis*, 303 P.3d at 1184 n.5.

3.      Gray requests a certificate of appealability on the question of whether he was denied the right to a fair trial after the trial court compelled the disclosure of certain letters Gray had written to his attorney, which Gray used to refresh his recollection for his testimony. We have carefully reviewed this request and deny it because Gray has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**[1]

---

[1] We deny Gray's motion for judicial notice (Dkt. No. 35).